**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

MARIE L. JEAN PIERRE,

    Plaintiff,

                                                    CASE NO. _____

v.

PARK HOTELS & RESORT INC.,
a foreign corporation F/K/A
HILTON WORLDWIDE INC.

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    **COMES NOW** the Plaintiff, MARIE L. JEAN PIERRE ("Plaintiff"), by and through her undersigned counsel, and by way of this Complaint seeks relief against Defendant PARK HOTELS & RESORTS INC., a foreign corporation F/K/A HILTON WORLDWIDE INC. ("Defendant") for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq.* ("Title VII"), and the Florida Civil Rights Act of 1992, Florida Statutes §§760.01-760.11 (the "FCRA").  In support thereof, Plaintiff states as follows:

**PARTIES, JURISDICTION AND VENUE**

    1.    Plaintiff is an adult female who is a citizen of and resides in Miami, Miami-Dade County, Florida.  At all times relevant herein, Plaintiff has lived in Miami-Dade County, Florida.

    2.    At all times material hereto, Defendant is and was a foreign corporation authorized, operating and licensed to do business in the State of Florida. Defendant is and has been a covered "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(b) and the FCRA, at all times relevant to this Complaint.  Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a).

1

3. Plaintiff was an "employee" of Defendant and an "aggrieved person" within the meaning of 42 U.S.C. §2000e(f) and the FCRA § 760.02(10), from April 4, 2006 until she was terminated on or about March 31, 2016. Defendant is a hotel known as the "Conrad Miami Hotel" (the "Conrad"), where Plaintiff worked at all times relevant.

4. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, 28 U.S.C. §1367, 42 U.S.C. §2000e(5)(f)(3), and Florida Statutes §§760.11 and 761.03-761.04. All conditions precedent to jurisdiction have occurred:

   a. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") within 300 days of the commission of the unlawful employment practices of the Defendant;

   b. On or about February 27, 2017, the EEOC issued its Notice of Right to Sue;

   c. This complaint is being timely filed within 90 days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

5. A substantial part of the acts complained of herein occurred primarily in the City of Miami, Miami-Dade County, Florida. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391 (b) and (c).

## FACTUAL BACKGROUND

6. Plaintiff was hired by Defendant as a dishwasher, although her duties also included cleaning rooms at the Conrad.

7. Plaintiff's regular shift was from 11:00 a.m. to 7:30 p.m., with different weekly schedules that were posted by the Defendant.

8. At all times relevant, Plaintiff is and was a devoted Christian.

2

9. At all times relevant, Plaintiff is and had always been a member of the Soldiers of Christ Church, which is a Catholic missionary group that helps the poor and impoverished worldwide. She is also a member of the Bethel Church in Miami Florida.

10. Throughout the course of her employment and up to the time of her termination, Plaintiff consistently performed her duties in an exemplary manner.

11. From the beginning of Plaintiff's employment, Defendant was aware that she was a Soldier of Christ, a devote Catholic, and that it was forbidden for the Plaintiff to work on Sundays based on her religious beliefs and the Catholic Bible.

12. Since the beginning of Plaintiff's employment, Plaintiff notified Defendant of her need to have Sundays off pursuant to her religion.

13. Initially, Defendant accommodated Plaintiff by allowing her to have Sundays off from work.

14. On or about March of 2009, the Defendant scheduled Plaintiff to work on a Sunday. The Plaintiff had no choice but to resign from her job with Defendant, for she could not violate her religious beliefs and work on a Sunday.

15. However, in an effort to persuade Plaintiff not to quit, the Defendant again accommodated Plaintiff by giving her all Sundays off. In response, Plaintiff rescinded and/or retracted her resignation. According to her new accommodation, Defendant agreed to assign Plaintiff a fixed schedule to work from Monday to Thursday, and to be on call Fridays, in case of an emergency.

16. Defendant allowed Plaintiff to fulfill her religious beliefs and not work on Sundays since the commencement of Plaintiff's employment until late 2015.

17. Sometime in late 2015, or on or about October of 2015, the kitchen manager and Plaintiff's supervisor at the hotel, George Colon, changed the Plaintiff's work schedule and demanded that the Plaintiff work on Sundays. The Plaintiff wrote Mr. Colon a letter and even had her Pastor write a letter explaining that it would be a violation of the Plaintiff's religious beliefs to work on a Sunday, which was discarded by Mr. Colon.

18. In an effort to comply with Mr. Colon's request, Plaintiff entered into agreements with other co-workers so that they could swap schedules to allow Plaintiff to take Sundays off while her co-workers covered Plaintiff's Sunday shifts.

19. Mr. Colon acknowledged Plaintiff's arrangement to get other employees to cover her Sunday shifts and allowed this arrangement to occur for several weeks.

20. While Mr. Colon demanded that Plaintiff's arrangement stop, he allowed other non-Christian, similarly situated employees as Plaintiff, to change their shift schedules to accommodate their personal needs.

21. On or about Sunday, March 27, 2016 while a co-worker of Plaintiff was working Plaintiff's shift, Mr. Colon reprimanded Plaintiff's co-worker and sent her home telling her that "he wanted [the Plaintiff] there".

22. On or about March 31, 2016, the Plaintiff was terminated for alleged misconduct, negligence, and "unexcused absences".

### COUNT ONE
### Failure to Accommodate in Violation of Title VII

23. Plaintiff incorporates by reference herein and re-alleges the allegations in Paragraph 1 through 22 above as though set forth fully herein.

24. Plaintiff is, and at all times relevant herein was, a practicing member of the Soldiers of Christ Church. Pursuant to her Christian religious beliefs and in order to keep Sunday and/or

4

the Sabbath holy, Plaintiff abstains from secular work from sun-up on Sunday through 12:00 a.m. on Sunday.

25. Since on or about October of 2015, Plaintiff made numerous requests, both verbally and in writing, for religious accommodation.

26. The accommodation the Plaintiff requested would not have caused an undue hardship to the Defendant.

27. Instead, of reasonably accommodating Plaintiff's sincerely-held religious beliefs, Defendant disciplined Plaintiff and ultimately fired her.

28. By virtue of Defendant's actions and inactions as set forth above, Defendant has violated Title VII with regard to Plaintiff by failing to accommodate her sincerely-held religious beliefs.

29. Plaintiff's sincerely-held religious belief was a motivating factor in refusing to accommodate Plaintiff.

30. The conduct of the Defendant in not reasonably accommodating Plaintiff's beliefs was intentional. Defendant engaged in a discriminatory practice or practices with malice or with reckless indifference to the federally protected rights of the Plaintiff.

31. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer lost wages, benefits and entitlements, damage to her career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, back pay, lost benefits, front pay, compensatory damages, and punitive damages according to proof against Defendant.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests that this Honorable Court:

  A. Enter judgment in Plaintiff favor and against the Defendant for its violations of Title VII;

  B. Award Plaintiff actual damages suffered;

  C. Front and back pay;

  D. Reinstatement;

  E. Award Plaintiff compensatory damages under Title VII for the embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

  F. Award Plaintiff prejudgment interest on his damages award;

  G. Punitive damages, according to proof;

  H. Enjoin the Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

  I. Award Plaintiff reasonable costs and attorney's fees; and

  J. Grant Plaintiff such other and further relief as this court deems equitable and just.

  K. Plaintiff demands a trial by jury.

## COUNT TWO
**Violation of Title VII -Religious Discrimination (Disparate Treatment Before Firing)**

32. Plaintiff incorporates by reference herein and re-alleges the allegations in Paragraph 1 through 22 above as though set forth fully herein.

33. Plaintiff is, and at all times relevant herein was, a practicing member of the Soldiers of Christ Church. Pursuant to her religious beliefs and in order to keep Sunday and/or the Sabbath holy, Plaintiff abstains from secular work from sun-up on Sunday through 12:00 a.m. on Sunday.

34.     After late 2015, Defendant failed to legitimately offer Plaintiff any reasonable accommodation for Plaintiff's religious beliefs and actively engaged in actions to discourage other employees from accommodating Plaintiff's religious beliefs.

35.     In its continuing effort to refuse any reasonable accommodation of Plaintiff's religious beliefs, Defendant continuously reprimanded Plaintiff for following her religious beliefs.

36.     Because of Plaintiff's religious beliefs, Defendant discriminated against Plaintiff and created a hostile work environment for Plaintiff which included, *inter alia*, allowing other employees to mock Plaintiff's religious beliefs, and reprimanding Plaintiff for following her religious beliefs.

37.     Plaintiff's religion was the motivating factor why Defendant discriminated against Plaintiff by creating a hostile work environment with repeated reprimands, mocking of the Plaintiff, and disallowing of an accommodation for Plaintiff.

38.     The conduct of the Defendant in discriminating against Plaintiff due to her religion was intentional.  Defendant engaged in a discriminatory practice or practices with malice or with reckless indifference to the federally protected rights of the Plaintiff.

39.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer lost wages, benefits and entitlements, damage to her career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, back pay, lost benefits, front pay, compensatory damages, and punitive damages according to proof against Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests that this Honorable Court:

A. Enter judgment in Plaintiff favor and against the Defendant for its violations of Title VII;

B. Award Plaintiff actual damages suffered;

C. Front and back pay;

D. Reinstatement;

E. Award Plaintiff compensatory damages under Title VII for the embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

F. Award Plaintiff prejudgment interest on his damages award;

G. Punitive damages, according to proof;

H. Enjoin the Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

I. Award Plaintiff reasonable costs and attorney's fees; and

J. Grant Plaintiff such other and further relief as this court deems equitable and just.

K. Plaintiff demands a trial by jury.

## COUNT THREE
**Violation of Title VII -Religious Discrimination (Termination)**

40. Plaintiff incorporates by reference herein and re-alleges the allegations in Paragraph 1 through 22 above as though set forth fully herein.

41. Plaintiff is, and at all times relevant herein was, a practicing member of the Soldiers of Christ Church. Pursuant to her religious beliefs and in order to keep Sunday and/or the Sabbath holy, Plaintiff abstains from secular work from sun-up on Sunday through 12:00 a.m. on Sunday.

42. After late 2015, Defendant failed to legitimately offer Plaintiff any reasonable accommodation for Plaintiff's religious beliefs and actively engaged in actions to discourage other employees from accommodating Plaintiff's religious beliefs.

43. In its continuing effort to refuse any reasonable accommodation of Plaintiff's religious beliefs, Defendant continuously reprimanded Plaintiff for following her religious beliefs.

44. On March 31, 2016, the Defendant fired Plaintiff.

45. Plaintiff's religion was a motivating factor in Plaintiff's termination of employment with Defendant.

46. The conduct of the Defendant in firing Plaintiff because of her religious beliefs was intentional. Defendant engaged in a discriminatory practice or practices with malice or with reckless indifference to the federally protected rights of the Plaintiff.

47. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer lost wages, benefits and entitlements, damage to her career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, back pay, lost benefits, front pay, compensatory damages, and punitive damages according to proof against Defendant.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests that this Honorable Court:

A. Enter judgment in Plaintiff favor and against the Defendant for its violations of Title VII;

B. Award Plaintiff actual damages suffered;

C. Front and back pay;

D. Reinstatement;

9

E. Award Plaintiff compensatory damages under Title VII for the embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

F. Award Plaintiff prejudgment interest on his damages award;

G. Punitive damages, according to proof;

H. Enjoin the Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

I. Award Plaintiff reasonable costs and attorney's fees; and

J. Grant Plaintiff such other and further relief as this court deems equitable and just.

K. Plaintiff demands a trial by jury.

## COUNT FOUR
### Violation of Title VII (42 U.S.C. §§ 2000e *et seq.*) – Retaliation

48. Plaintiff incorporates by reference herein and re-alleges the allegations in Paragraph 1 through 22 above as though set forth fully herein.

49. Plaintiff is, and at all times relevant herein was, a practicing member of the Soldiers of Christ Church. Pursuant to her religious beliefs and in order to keep Sunday and/or the Sabbath holy, Plaintiff abstains from secular work from sun-up on Sunday through 12:00 a.m. on Sunday.

50. Plaintiff engaged in actions protected by Title VII, 42 U.S.C. § 2000e *et seq.,* to receive accommodations from Defendant for her religious beliefs, including, but not limited to, making numerous oral and written requests for accommodation.

51. Because of Plaintiff's protected actions, Defendant retaliated against Plaintiff by, among other things, creating a hostile work environment for Plaintiff, reprimanding Plaintiff for her religious beliefs, and terminating Plaintiff.

52.     The conduct of the Defendant in retaliating against Plaintiff because of her protected actions was intentional.  Defendant engaged in a discriminatory practice or practices with malice or with reckless indifference to the federally protected rights of the Plaintiff.

53.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer lost wages, benefits and entitlements, damage to her career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, back pay, lost benefits, front pay, compensatory damages, and punitive damages according to proof against Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests that this Honorable Court:

A.  Enter judgment in Plaintiff favor and against the Defendant for its violations of Title VII;

B.  Award Plaintiff actual damages suffered;

C.  Front and back pay;

D.  Reinstatement;

E.  Award Plaintiff compensatory damages under Title VII for the embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

F.  Award Plaintiff prejudgment interest on his damages award;

G.  Punitive damages, according to proof;

H.  Enjoin the Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

I.  Award Plaintiff reasonable costs and attorney's fees; and

J.	Grant Plaintiff such other and further relief as this court deems equitable and just.

K.	Plaintiff demands a trial by jury.

## COUNT FIVE
### Failure to Accommodate in Violation of the FCRA

54.	Plaintiff incorporates by reference herein and re-alleges the allegations in Paragraph 1 through 22 above as though set forth fully herein.

55.	Plaintiff is, and at all times relevant herein was, a practicing member of the Soldiers of Christ Church.  Pursuant to her Christian religious beliefs and in order to keep Sunday and/or the Sabbath holy, Plaintiff abstains from secular work from sun-up on Sunday through 12:00 a.m. on Sunday.

56.	Since on or about October of 2015, Plaintiff made numerous requests, both verbally and in writing, for religious accommodation.

57.	The accommodation the Plaintiff requested would not have caused an undue hardship to the Defendant.

58.	Instead, of reasonably accommodating Plaintiff's sincerely-held religious beliefs, Defendant disciplined Plaintiff and ultimately fired her.

59.	By virtue of Defendant's actions and inactions as set forth above, Defendant has violated the FCRA with regard to Plaintiff by failing to accommodate her sincerely-held religious beliefs.

60.	Plaintiff's sincerely-held religious belief was a motivating factor in refusing to accommodate Plaintiff.

61.	The conduct of the Defendant in not reasonably accommodating Plaintiff's beliefs was intentional.  Defendant engaged in a discriminatory practice or practices with malice or with reckless indifference to the federally protected rights of the Plaintiff.

62.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer lost wages, benefits and entitlements, damage to her career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, back pay, lost benefits, front pay, compensatory damages, and punitive damages according to proof against Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests that this Honorable Court:

A.  DECLARE that the acts complained of herein are in violation of the FCRA;

B.  Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C.  Grant a permanent injunction enjoining the Corporate Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of religion;

D.  Order the Defendant to make Plaintiff whole by compensating her for lost wages, benefits, including front pay, back pay with prejudgment interest;

E.  For a monetary judgment representing prejudgment interest;

F.  Award any other compensation allowed by law including punitive damages and attorney's fees (Fla. Stat. §448.104);

G.  Grant Plaintiff costs of this action, including reasonable attorney's fees;

H.  Grant such other and further relief as the Court deems just and proper.

## COUNT SIX
### Violation of the FCRA – Religious Discrimination and Harassment

63.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 as if set out in full herein.

64.     At all times material hereto, Defendant failed to comply with the FCRA, which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail

13

or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, *religion*, sex, national origin, age, handicap, or marital status." (emphasis added)

65. Plaintiff is a member of protected class of citizens who are Christians.

66. Christianity/Catholicism is a recognized religious belief and the Defendant was aware of Plaintiff's religious beliefs.

67. At all times necessary, Plaintiff was qualified to perform her duties.

68. After late 2015, Defendant failed to legitimately offer Plaintiff any reasonable accommodation for Plaintiff's religious beliefs and actively engaged in actions to discourage other employees from accommodating Plaintiff's religious beliefs.

69. In its continuing effort to refuse any reasonable accommodation of Plaintiff's religious beliefs, Defendant continuously reprimanded Plaintiff for following her religious beliefs until the Defendant ultimately fired Plaintiff on March 31, 2016.

70. Because of Plaintiff's religious beliefs, Defendant discriminated against Plaintiff and created a hostile work environment for Plaintiff which included, *inter alia*, allowing other employees to mock Plaintiff's religious beliefs on a continuous basis, reprimanding Plaintiff for following her religious beliefs, and firing Plaintiff.

71. Defendant's discrimination and harassing conduct towards Plaintiff was based on her religious beliefs.

72. Defendant's conduct was pervasive and regular and detrimentally affected Plaintiff.

73. Similarly situated employees who are not Christian were not subjected to the conduct described and referred to in paragraphs 1 through 22 and 68 through 70 of this Complaint.

74. Defendant violated the FCRA by discriminating against Plaintiff because of her religion.  Alternatively, Plaintiff's religion was a motivating factor which prompted the Defendant to harass and fire Plaintiff.

75. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

76. Any alleged nondiscriminatory reason for this treatment of Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against her based on her religion.

77. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights pursuant to Fla. Stat. §760.10.

78. The aforementioned actions of the Corporate Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests that this Honorable Court:

A.  DECLARE that the acts complained of herein are in violation of the FCRA;

B.  Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C.  Grant a permanent injunction enjoining the Corporate Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of religion;

D.  Order the Corporate Defendant to make Plaintiff whole by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

E.  For a monetary judgment representing prejudgment interest;

F.  Award any other compensation allowed by law including punitive damages and attorney's fees (Fla. Stat. §448.104);

G. Grant Plaintiff costs of this action, including reasonable attorney's fees;

H. Grant such other and further relief as the Court deems just and proper.

## COUNT SEVEN
### Violation of the FCRA – Retaliation

79. Plaintiff incorporates by reference herein and re-alleges the allegations in Paragraph 1 through 22 above as though set forth fully herein.

80. Plaintiff is, and at all times relevant herein was, a practicing member of the Soldiers of Christ Church. Pursuant to her religious beliefs and in order to keep Sunday and/or the Sabbath holy, Plaintiff abstains from secular work from sun-up on Sunday through 12:00 a.m. on Sunday.

81. Plaintiff engaged in actions protected by the FCRA to receive accommodations from Defendant for her religious beliefs, including, but not limited to, making numerous oral and written requests for accommodation.

82. Because of Plaintiff's protected actions, Defendant retaliated against Plaintiff by, among other things, creating a hostile work environment for Plaintiff, reprimanding Plaintiff for her religious beliefs, and terminating Plaintiff.

83. The conduct of the Defendant in retaliating against Plaintiff because of her protected actions was intentional. Defendant engaged in a discriminatory practice or practices with malice or with reckless indifference to the federally protected rights of the Plaintiff.

84. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer lost wages, benefits and entitlements, damage to her career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, back pay, lost benefits, front pay, compensatory damages, and punitive damages according to proof against Defendant.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests that this Honorable Court:

A. Enter judgment in Plaintiff favor and against the Defendant for its violations of Title VII;

B. Award Plaintiff actual damages suffered;

C. Front and back pay;

D. Reinstatement;

E. Award Plaintiff compensatory damages under Title VII for the embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

F. Award Plaintiff prejudgment interest on his damages award;

G. Punitive damages, according to proof;

H. Enjoin the Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

I. Award Plaintiff reasonable costs and attorney's fees; and

J. Grant Plaintiff such other and further relief as this court deems equitable and just.

K. Plaintiff demands a trial by jury.

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims in this Complaint.

Dated: May 24, 2017.

**BRUMER & BRUMER, P.A.**
Attorney for Plaintiff
1 Southeast 3rd Avenue, Suite 2900
SunTrust International Center
Miami, Florida 33131
Telephone:  305.374.2000
Facsimile: 305-358-0303
Primary:  mbrumer@brumerlaw.com
Secondary:  brencurrell@brumerlaw.com

By: /s/ Marc L. Brumer
   **MARC L. BRUMER**
   Fla. Bar No.: 863350

**SAENZ & ANDERSON, PLLC**
Co-Counsel for Plaintiff
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone:  305.503.5131
Facsimile: 888.270.5549
E-mail:  msaenz@saenzanderson.com

By: /s/ R. Martin Saenz
   **R. MARTIN SAENZ**
   Fla. Bar No.: 0640166