UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-21955-GAYLES

**MARIE L. JEAN PIERRE,**

    **Plaintiff,**

        v.

**PARK HOTELS & RESORT, INC., a
foreign corporation f/k/a HILTON
WORLDWIDE, INC.,**

    **Defendant.**     /

## ORDER

**THIS CAUSE** comes before the Court on Defendant PARK HOTELS & RESORT, INC.'s, Partial Motion to Dismiss and Incorporated Memorandum of Law (the "Motion") [ECF No. 12]. The Court has reviewed the Motion, the parties' written submissions, and the applicable law and is otherwise fully advised in the premises. For the reasons that follow, the Motion is granted in part and denied in part.

### I.     BACKGROUND[1]

Plaintiff Marie L. Jean Pierre ("Plaintiff") brings this action against Defendant Park Hotels & Resort, Inc. ("Defendant"), alleging that Defendant subjected her to discrimination and retaliation based on her religion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.,* and the Florida Civil Rights Act ("FCRA"), § 760.01, Fla. Stat., *et seq.* Plaintiff was employed by Defendant as a dishwasher and/or housekeeper from April 4, 2006, until her termination on March 31, 2016. *See* Compl. ¶¶ 3, 5. At all relevant times,

---

[1]     The Court must accept Plaintiff's allegations, set forth below, as true for purposes of this motion to dismiss. *Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

1

Plaintiff was a member of the "Soldiers of Christ Church" and the "Bethel Church" in Miami, Florida. From the outset of Plaintiff's employment, Defendant was aware that she could not work on Sundays due to her religious beliefs. Defendant initially accommodated Plaintiff by allowing her to have Sundays off from work. However, in or around March of 2009, Plaintiff resigned from her employment after Defendant scheduled her to work on a Sunday. In an effort to prevent Plaintiff from resigning, Defendant again accommodated Plaintiff by assigning her a fixed work schedule where she would have every Sunday off from work. Plaintiff then rescinded her resignation and was allowed to work a fixed Monday to Thursday schedule until late 2015.

In late 2015, Plaintiff's supervisor, George Colon ("Colon"), changed her work schedule so that she would have to work on Sundays. Plaintiff and her pastor provided letters to Mr. Colon objecting to the denial of her accommodation and explaining that working on Sundays violated her religious beliefs. These letters were disregarded by Mr. Colon who continued to schedule Sunday shifts for Plaintiff. Plaintiff then began to enter into agreements with her co-workers for purposes of swapping shifts so that she would not have to work on Sundays. Mr. Colon allowed this practice for several weeks but ultimately demanded that Plaintiff cease swapping her Sunday shifts with other employees. On or about March 27, 2016, Mr. Colon encountered a co-worker working Plaintiff's Sunday shift and sent the co-worker home telling her that "he wanted [the Plaintiff] there" instead. On or about March 31, 2016, Plaintiff was terminated for alleged misconduct, negligence, and unexcused absences.

Following her termination, Plaintiff dual-filed a charge of discrimination[2] with the Equal

---

[2] Defendant attached to its motion to dismiss what appears to be Plaintiff's EEOC charge of discrimination. The Court will consider the document as Plaintiff has not challenged its authenticity and it is central to her claims. *See McClure v. Oasis Outsourcing II, Inc.*, 674 F. App'x 873, 875 (11th Cir. 2016) (holding that the district court did not err in considering plaintiff's EEOC charge on a motion to dismiss because the charge was central to plaintiff's

Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). *Id.* ¶ 21; *see also* [ECF No. 12-1]. The EEOC issued Plaintiff a Notice of Right to Sue on February 27, 2017. Compl. ¶ 22. Plaintiff then filed the instant Complaint setting forth the following claims: Count I – Failure to Accommodate (Title VII); Count II – Hostile Work Environment (Title VII); Count III – Discriminatory Termination (Title VII); Count IV – Retaliation (Title VII); Count V – Failure to Accommodate (FCRA); Count VI – Hostile Work Environment/Discriminatory Termination (FCRA); and Count VII – Retaliation (FCRA).

Defendant moves to dismiss Plaintiff's Title VII retaliation claim[3] for failure to state a claim and failure to exhaust administrative remedies. Defendant argues that Plaintiff has failed to sufficiently allege that she engaged in a protected activity, and that Plaintiff failed to present her retaliation claim to the EEOC before filing suit. Defendant moves to dismiss Plaintiff's hostile work environment claims for failure to state a claim, failure to exhaust administrative remedies, and as impermissibly duplicative of other counts in the Complaint.

## II. LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not

---

claims and its authenticity was not in dispute); *Gonzalez v. Nat'l Settlement Sols., Inc.*, 14–80484–CIV, 2014 WL 4206812, n.2 (S.D. Fla. Aug. 25, 2014) (same).

[3]   For unknown reasons, Defendant did not move to dismiss Plaintiff's FCRA retaliation claim.

entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016).

## III. DISCUSSION

The Eleventh Circuit has determined that because the FCRA is modeled after Title VII, federal case law regarding Title VII is applicable to construe claims under the FCRA. *Albra v. Advan, Inc.,* 490 F.3d 826, 834 (11th Cir. 2007); *Byrd v. BT Foods, Inc.,* 948 So. 2d 921, 925 (Fla. 4th DCA 2007). Consequently, Plaintiff's Title VII and FCRA claims are analyzed together where appropriate.

### A. Counts II and VI: Religious Discrimination/Hostile Work Environment

*Failure to Exhaust Administrative Remedies*

Prior to filing a civil action under Title VII, a plaintiff first must exhaust her administrative remedies by filing a charge of discrimination with the EEOC. *Duble v. FedEx Ground Package Sys., Inc.*, 572 F. App'x 889, 892 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 2379 (2015). A plaintiff's employment discrimination complaint is generally limited by the allegations contained in her charge of discrimination and the scope of the EEOC investigation "which can be reasonably expected to grow out of the charge of discrimination." *Gregory v. Ga. Dep't of Human Res.,* 355 F.3d 1277, 1279 (11th Cir. 2004).

Importantly, the Eleventh Circuit has noted that the scope of a charge of discrimination should not be strictly interpreted and procedural technicalities should not be permitted to bar claims under Title VII. *See Litman v. Sec'y, of the Navy,* 15-14507, 2017 WL 3027584, at *4 (11th Cir. July 18, 2017) (citing *Gregory,* 355 F.3d at 1280). While claims that "amplify, clarify,

4

or more clearly focus" the allegations in a charge of discrimination are permitted, allegations of new acts of discrimination "are inappropriate for a post-charge judicial complaint." *See Gregory,* 355 F.3d at 1279-80; *Duble,* 572 F. App'x at 893.

Defendant moves to dismiss Plaintiff's hostile work environment claims on the grounds that her charge of discrimination failed to include any allegations concerning a hostile work environment. The Court agrees. While Plaintiff's Complaint alleges that she was repeatedly reprimanded and mocked for her religious beliefs, these allegations are not contained anywhere in her charge of discrimination. Plaintiff's hostile work environment claims also cannot be said to "amplify, clarify, or more clearly focus" the allegations in her charge of discrimination as her charge of discrimination is wholly silent as to any alleged harassment based on her religion. *See Ramon v. AT & T Broadband*, 195 F. App'x 860, 866 (11th Cir. 2006) (holding that plaintiff failed to exhaust administrative remedies on her hostile work environment claim where her EEOC charge did not mention a hostile work environment claim and contained no allegations of severe and pervasive harassment); *Green v. Elixir Indus., Inc.,* 152 F. App'x 838, 841 (11th Cir. 2005) (affirming district court's finding that plaintiff failed to exhaust administrative remedies where the facts alleged in plaintiff's EEOC charge could not reasonably form the basis of a hostile work environment claim); *Smith v. Panera Bread*, 08-60697-CIV, 2009 WL 10667191, at *4 (S.D. Fla. Aug. 11, 2009) (same).

Next, the Court must determine whether Plaintiff's hostile work environment claims should be held in abatement for her to exhaust her administrative remedies or dismissed with prejudice. In a deferral state such as Florida, a plaintiff must file a charge of discrimination within 300 days of the last discriminatory act to be timely for purposes of Title VII, *Poulsen v. Publix Super Markets, Inc.,* 302 F. App'x 906, 907 n. 2 (11th Cir. 2008), and within 365 days for purposes of the FCRA. *See* § 760.11(1), Fla. Stat.; *Woodham v. Blue Cross & Blue Shield of*

5

*Fla., Inc.,* 829 So. 2d 891, 894 (Fla. 2002). The last discriminatory act to occur as part of Plaintiff's hostile work environment claim was her termination on March 31, 2016. As more than 365 days have passed since Plaintiff's termination, she cannot cure her failure to exhaust administrative remedies within the applicable limitations period. Therefore, the Court declines to address the alternative grounds for dismissal raised by Defendant and dismisses Plaintiff's hostile work environment claims with prejudice for failure to exhaust administrative remedies.

### B. Count IV: Retaliation in Violation of Title VII

#### *1. Failure to Exhaust Administrative Remedies*

Defendant moves to dismiss Plaintiff's retaliation claim on the grounds that Plaintiff failed to allege facts supporting a claim of retaliation in her charge of discrimination. Liberally construing Plaintiff's charge of discrimination, the Court finds that while Plaintiff failed to "check-the-box" for retaliation, the facts alleged in her charge of discrimination could have been reasonably extended to encompass a claim for retaliation. *Gregory,* 355 F.3d at 1280 (holding that the failure to check the box marked for retaliation does not bar a subsequent civil claim where the facts alleged in the EEOC charge reasonably encompass a claim of retaliation).

Plaintiff's charge of discrimination refers to several oral and written communications with Defendant regarding the denial of her religious accommodation that preceded her termination. Plaintiff's charge of discrimination also alleges that she was terminated following her attempt to swap her Sunday shift with a co-worker after her religious accommodation was denied. An EEOC investigation of the factual allegations culminating in Plaintiff's termination would reasonably encompass an investigation of a potential claim of retaliation. *Gregory,* 355 F.3d at 1280. Accordingly, the Court finds that Plaintiff has exhausted her administrative remedies for bringing a retaliation claim.

## 2. *Failure to State a Claim*

Defendant also argues that Plaintiff's retaliation claim fails because a request for a religious accommodation does not constitute a protected activity under Title VII. To state a claim of retaliation under Title VII, a plaintiff must plausibly allege that: (1) she engaged in statutorily protected expression; (2) she suffered a materially adverse employment action; and (3) her employer's retaliatory motive was the "but for" cause of the adverse employment action. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 186 L. Ed. 2d 503 (2013); *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008). Defendant only challenges whether Plaintiff has satisfied the first element of her retaliation claim.

In order to establish that she engaged in a "statutorily protected expression," Plaintiff must allege that she voiced opposition to an unlawful employment practice or participated in any manner in an investigation, proceeding, or hearing, concerning an unlawful employment practice. *See* 42 U.S.C. § 2000e-3(a); *see also Crawford v. Met. Gov. of Nashville*, 555 U.S. 271, 277-78 (2009) (discussing the opposition clause of Title VII's anti-retaliation provision); *Anduze v. Florida Atlantic Univ.*, 151 F. App'x 875, 877 (11th Cir. 2005) (discussing the participation clause of Title VII's anti-retaliation provision). Defendant argues that Plaintiff has failed to state a claim because a request for a religious accommodation cannot alone constitute a statutorily protected expression. Defendant argues that because the religious accommodation request did not oppose unlawful discrimination and did not occur during a proceeding concerning an unlawful employment practice, it cannot constitute a statutorily protected expression.

The Court need not decide whether a request for a religious accommodation, standing alone, constitutes a statutorily protected activity because Plaintiff has also alleged

7

that she engaged in a protected activity by opposing the denial of her request for a religious accommodation. First, Plaintiff opposed the denial of her request for a religious accommodation by writing a letter to her employer where she complained about an unlawful employment practice[4], to wit: the denial of her requested accommodation. Compl. ¶ 17; *see Crawford,* 555 U.S. at 276 ("When an employee communicates to her employer a belief that the employer has engaged in ... a form of employment discrimination, that communication" virtually always "constitutes the employee's *opposition* to the activity.") (internal citations omitted). Next, Plaintiff engaged in opposition conduct by attempting to swap her Sunday shifts with co-workers and "refusing to follow [her] supervisor's order" to work on Sundays because she believed the order was discriminatory. Compl. ¶¶ 18-21; *Crawford,* 555 U.S. at 276 (noting that the "opposition clause" also protects passive forms of opposition including an employee's refusal to follow a supervisor's discriminatory order). Finally, Plaintiff alleges that she was terminated because of her opposition to Defendant's denial of her request for a religious accommodation. Compl. ¶ 51.

Accordingly, the Court finds that Plaintiff has stated a valid claim of retaliation.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss [ECF No. 12] is **GRANTED IN PART and DENIED IN PART**;

2. Counts II and VI are **DISMISSED WITH PREJUDICE**; and

3. Defendant shall answer the remaining counts in the Complaint within fourteen

---

[4] Plaintiff has met her burden of demonstrating that she had a good-faith and reasonable belief that she was being subjected to an unlawful employment practice. *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002) (citing *Little v. United Tech., Carrier Transicold Div.,* 103 F.3d 956, 960 (11th Cir. 1997)).

(14) days of the entry of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of October, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE