MARIE L. JEAN PIERRE,

      Plaintiff,

v.

PARK HOTELS & RESORT, INC., a
foreign corporation f/k/a HILTON
WORLDWIDE, INC.,

      Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Park Hotels & Resorts Inc., f/k/a Hilton Worldwide, Inc.'s, Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial [ECF No. 138] and Motion for Remittitur [ECF No. 139]. The Court has reviewed the Motions, the parties' written submissions, and the applicable law and is otherwise fully advised. For the following reasons, Defendant's Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial is denied, and Defendant's Motion for Remittitur is granted in part and denied in part.

## I.      Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial

Defendant's Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial makes three primary arguments, none of which are availing. First, resubmitting the first inconsistent verdict to the jury was an appropriate step that resulted in a second consistent verdict. "A verdict contains an inconsistency if answers given by the jury 'may [not] fairly be said to represent a logical and probable decision on the relevant issues as submitted.'" *Wilbur v.*

*Correctional Servs. Corp.*, 393 F.3d 1192, 1200 (11th Cir. 2004) (quoting *Aquachem Co. v. Olin Corp.*, 699 F.2d 516, 521 (11th Cir. 1983)). In cases where the jury has entered a finding of damages, but not a finding of liability, the Eleventh Circuit has noted that resubmission to the jury with instructions to reconsider is appropriate—a procedure which was followed here without objection. *Id.* at 1203–04; *see also* Fed. R. Civ. P. 49(b)(3)(B). Accordingly, judgment shall not be entered in Defendant's favor on the first verdict. Second, Defendant is not entitled to judgment as a matter of law on the causation prong of Plaintiff's retaliation claim. A party is entitled to judgment as a matter of law if "a reasonable jury would not have a legally sufficient evidentiary basis" to find for the opposing party. Fed. R. Civ. P. 50(a)(1). In addition, for the Court to grant a new trial "the evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Butcher v. United States*, 368 F.3d 1290, 1297 (11th Cir. 2004) (quoting *United States v. Martinez*, 763 F.2d 1297, 1312–13 (11th Cir. 1985)). The Court finds that the jury's verdict was supported by the evidence. The jury could have found that Defendant's purported reasonable accommodation was pretext that created grounds for Plaintiff's firing—in other words, a retaliatory firing for her requests to practice her religion. Finally, a new trial is not warranted. Defendant cites no highly prejudicial error warranting a new trial. Based on the evidence presented, a jury could find that Defendant's conduct qualified as recklessly indifferent such that punitive damages were warranted. Accordingly, the Court declines to disturb the jury's verdict.

## II.    Motion for Remittitur

Defendant's Motion for Remittitur is similarly unavailing, save for its argument on the legal constraints for punitive damages under Title VII. As the parties agree that the punitive award should be reduced to the statutory maximum of $300,000, the Court shall grant Defendant's

Motion on that ground. But the Court otherwise declines to otherwise reduce the award of damages. "A remittitur order reducing a jury's award to the outer limit of the proof is the appropriate remedy where the jury's damage award exceeds the amount established by the evidence." *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1266 (11th Cir. 2008) (quoting *Goldstein v. Manhattan Indus., Inc.*, 758 F.2d 1435, 1448 (11th Cir.1985)). Here, the evidence established that Plaintiff suffered emotional distress, humiliation, and loss of wages. The jury found those damages substantial enough to award her $500,000.00 in compensatory damages. *See Ferrill v. Parker Grp., Inc.*, 168 F.3d 468, 476 (11th Cir. 1999) (noting that in upholding compensatory damages award that harm is subjective and its evaluation is dependent on the witness's demeanor). Accordingly, the Court shall not disturb the jury's award of compensatory damages.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial [ECF No. 138] is **DENIED**, and Defendant's Motion for Remittitur [ECF No. 139] is **GRANTED IN PART AND DENIED IN PART**. The award of punitive damages shall be reduced to $300,000, bringing Plaintiff's total award to $836,000. Additionally, this case shall be **ADMINISTRATIVELY CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of July, 2019.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE